```
BENJAMIN BERGER (SB# 220394)
bb@bergerharrison.com
DANIEL A. HARRISON (SB# 205112)
dh@bergerharrison.com
BERGER ♦ HARRISON, APC
2700 W. Pacific Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 548-1700
Facsimile: (949) 548-1001
```

Attorneys for Plaintiff 6S, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 6S, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> MEDICINE ONLINE, INC., DAVID PUFFER, KEVIN MOSHAYEDI and DOES 1-20, <br><br> Defendants. | Case No. SACV08-00828 AG (MANx) <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER; ORDER THEREON** <br><br> *NOTE: CHANGES MADE BY THE COURT TO ¶¶ 8, 9, AND 10* |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties against disclosure or any improper use of confidential and proprietary information produced in discovery or filed with this Court:

1. <u>Definition of "Confidential Information"</u>: "Confidential Information" is defined as follows: trade secrets; sensitive business or financial information; confidential research, development or commercial information; and confidential or private personal information. Confidential information does not include information that has been disclosed in the public domain.

2. This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given or filed during discovery and other proceedings in this action, including Confidential Information produced, given or filed prior to the date of this Protective Order.

3. The provisions of this Protective Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order. As used herein, "Person" includes both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order, as provided in Exhibit A hereto.

4. <u>Designation of Confidential Information</u>: Any party and anyone who produces, gives, or files Confidential Information may designate information as Confidential Information if the producing party or person in good faith determines that the information meets the definition stated in paragraph 1.

(a) <u>Designation of Documents</u>: Documents may be designated as Confidential Information by stamping "Confidential" or "Confidential --Attorneys' Eyes Only" on each page prior to production. A party that in good faith believes any particular Confidential Information is so sensitive that it should not be disclosed to any individual party, or to a director, officer, or employee of a party, may designate that Confidential Information as "Confidential --Attorneys' Eyes Only." Information which is designated "Confidential" or "Confidential -Attorneys' Eyes Only" shall be used solely for the purposes set forth in paragraph 5 below.

(b) <u>Designation of Deposition Testimony</u>: Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately bind the "Confidential" and "Confidential -- Attorneys' Eyes Only" portions of the deposition transcript and shall instruct the

Court Reporter to stamp the words "Confidential" or "Confidential --Attorneys' Eyes Only," as appropriate, on each page.

(c) <u>Subsequent Designation</u>: Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" pursuant to 4(a) and (b) above, after they have been produced without having been so designated only under the following conditions:

(i) Persons to whom such documents, testimony, or other information have been disclosed must be advised in writing, both by fax and by mail, of the new designation;

(ii) The new designation applies only as of the date and time of receipt of notice by each person notified;

(iii) Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in paragraph 4(c )(i); and

(iv) Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

(d) For all Confidential Information contained in electronic format, whether by CD, DVD, or otherwise, such shall be designated and treated as Confidential Information by stamping or writing "Confidential" or "Confidential -- Attorneys' Eyes Only" on the CD, DVD or other medium itself, and further, by confirming such confidentiality in writing to the other party by email or correspondence.

5. All Confidential Information that is produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or

communicated in any way to anyone except those specified below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. The persons to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A and advised that the violation of the terms of this Protective Order will constitute contempt of Court.

6. <u>Persons to Whom Confidential Information May Be Disclosed</u>:

(a) "Confidential" Information: Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

    (i) outside counsel of record for the parties in this action, and other outside attorneys, clerical, paralegal and other staff employed by such counselor parties, and any independent experts or independent consultants who are assisting in the prosecution or defense of this action;

    (ii) in-house counsel for the defendant;

    (iii) the named plaintiff and such officers, directors, or employees of the defendant, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose;

    (iv) the Court (in the manner provided by paragraphs 8 and 9 hereof) and court personnel;

    (v) any other Person as to whom the producing Person agrees in writing;

    (vi) witnesses at deposition or trial; and

    (vii) court reporters employed in connection with this action.

(b) <u>"Confidential --Attorneys' Eyes Only" Information</u>: Except as otherwise provided by this Protective Order, information designated as "Confidential --Attorneys' Eyes Only" shall be disclosed only to Persons described

1  in paragraph 6(a)(i), (ii), (iv), and (v) above who have agreed or who have been
2  ordered to be bound by this Protective Order.
3     (c) <u>Disclosure of Confidential Transcripts to the Deponent</u>:
4  Deposition transcripts containing Confidential Information may be shown to the
5  deponent for the purpose of correction, but the deponent may not retain a copy of
6  the transcript unless (s)he agrees to be bound by this Protective Order by signing a
7  copy of the acknowledgment form.
8     (d) <u>Exception</u>: This Protective Order shall not apply to the
9  disclosure of documents, or the contents thereof, to persons who were the authors
10 or addressees of those documents or who are shown as having received copies.
11  7. Each party represents and warrants that it will confirm before
12 providing any "Confidential" or "Confidential--Attorneys' Eyes Only" information
13 to any expert or consultant that the expert or consultant is independent from and
14 has no conflict of interest with the opposing party.
15  8. For applications and motions to the Court in which a party submits
16 confidential information, all documents containing "Confidential --Attorneys' Eyes
17 Only" or "Confidential" information which are submitted to the Court shall be filed
18 with the Court in sealed envelopes or other appropriate sealed containers on which
19 shall be endorsed the title of the action to which it pertains, an indication of the
20 nature of the contents of the sealed envelope or other container, the word
21 "CONFIDENTIAL" and a statement substantially in the following form:
22   "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE
23   COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT
24   TO BE OPENED OR THE CONTENTS REVEALED EXCEPT BY
25   AUTHORIZED COURT PERSONNEL."
26 Any party filing a document under seal shall also file a redacted copy of the
27 document in the public court file, redacting from the document only those portions
28 containing "Confidential -Attorneys' Eyes Only" or "Confidential" information.

1  ***<u>This Protective Order creates no entitlement to file under seal information, documents, or things designated as Confidential Information by the parties. Local Civil Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from this District Court to file documents under seal.</u>*** Any member of the public may challenge the filing of a document under seal. If there is such a challenge, the party asserting confidentiality bears the burden of showing the propriety of the designation of confidentiality.

9.  ~~Any Court hearing which refers to or describes~~ ***<u>If</u>*** "Confidential -- Attorneys Only" or "Confidential" information ***<u>is to be discussed during any proceeding before the Court, then counsel shall request, prior to the hearing and in writing, that appropriate action be taken by the Court to protect such Confidential Information.</u>*** ~~shall, in the Court's discretion, be in camera~~.

10. Any document or transcript designated as "Confidential Pursuant to Court Order" or "Confidential" or "Confidential --Attorneys' Eyes Only" which is lodged or filed with the Court ***<u>under seal in accordance with the provisions of Local Civil Rule 79-5</u>*** shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court.

11. Whenever a party objects to the treatment of a document or transcript as "Confidential" or "Confidential --Attorneys' Eyes Only" as defined in paragraph 4 herein, it shall, in writing by mail or facsimile, so inform the party seeking "Confidential" or "Confidential --Attorneys' Eyes Only" treatment. If the party seeking such treatment has not within 10 business days withdrew such treatment, the objecting party may apply to the Court by motion for a ruling that the document or transcript shall no longer be treated as "Confidential" or "Confidential --Attorneys' Eyes Only" in the manner described in paragraph 6 herein. Upon such application, the party asserting confidentiality bears the burden to establish the same. Until the Court enters an Order, if any, changing the designation of the

document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential -Attorneys' Eyes Only" treatment described in paragraph 6 herein.

12. At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated "Confidential" or "Confidential -- Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person furnishing the same. In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential --Attorneys' Eyes Only" documents or transcripts shall be either destroyed or returned to the party or person furnishing the same. This Order shall continue to be binding after the conclusion of this litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that become a part of the public record without breach of this Order.

13. Nothing in this Protective Order shall cause any documents already in the public domain to be considered protected or deemed confidential.

14. This Protective Order does not apply to the offer of or admission into evidence of Confidential Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

15. This Protective Order remains subject to modification for good cause shown.

## **STIPULATION**

By signing below, the Parties, through their undersigned counsel of record, hereby stipulate to be bound by the terms of this Protective Order, until and after such Order is signed by the Court, and if not signed by the Court, until further

stipulation or agreement of the Parties or further Order of the Court.

Dated: April 21, 2009                                   BERGER ♦ HARRISON, APC

                                                        By: _____
                                                        Daniel A. Harrison, Attorneys for
                                                        **Plaintiff 6S, Inc.**

Dated: April 21, 2009                                   FAKHIMI & ASSOCIATES


                                                        By: _____
                                                        Houman Fakhimi, Attorneys for
                                                        **Defendants Medicine Online, Inc.,
                                                        David Puffer, and Kevin Moshayedi**

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I am authorized by _____ [party name] to review Confidential Information as that term is used in the Protective Order dated _____ 2009 and hereby request access to that Confidential Information for use in this litigation.

I have been provided with a copy of the Protective Order and hereby agree to be bound by all of the limitations regarding disclosure of Confidential Information contained in that Protective Order.

I understand that failure to comply with the terms of that Protective Order may result in civil liability to any party or person damaged thereby.

I consent to the U.S. District Court for the Central District of California exercising jurisdiction over me for the purpose of enforcing that Protective Order or for any contempt proceedings against me arising out of my failure to comply with the terms of the Protective Order.

Dated: _____, 2009        _____
                                        Signature of Person Requesting
                                        Access to Confidential Information


                                        _____
                                        Typed Name of Person Requesting
                                        Access to Confidential Information

- 9 -

**PROTECTIVE ORDER**